# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

RICHARDSON VICTOR,

        Plaintiff,

v.

STATE OF CONNECTICUT & ROBERT E. BYRON,

        Defendants.

Civil Action No.
3:18-cv-1346 (CSH)

FEBRUARY 14, 2019

## INITIAL REVIEW ORDER

**HAIGHT, Senior District Judge:**

Plaintiff Richardson Victor is currently incarcerated at Brooklyn Correctional Institution and has filed a *pro se* Complaint, presumably pursuant to 42 U.S.C. § 1983, against Defendants Robert E. Byron and the state of Connecticut.[1] Doc. 1 ("Compl."). Plaintiff alleges that Byron, who is either a public defender or an appointed attorney in the state of Connecticut, violated his due process rights by withdrawing the appeal in Plaintiff's criminal case without Plaintiff's knowledge or consent. *Id.* ¶¶ 3, 7; *id.* at 18, 27. For the following reasons, his Complaint is dismissed in full.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] Plaintiff does not state the legal authority under which he files his Complaint. The Court construes this as a § 1983 action because Plaintiff seeks only monetary damages against an alleged state actor. Compl. at 3, 5; *see* 42 U.S.C. § 1983 (2016) (allowing plaintiffs to seek civil relief against persons acting "under color" of state or local law for constitutional violations).

1

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b)(1)–(2) (2012). Although highly detailed allegations are not required, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than the unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

"[W]hether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663–64. When "well-pleaded factual allegations" are present, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Factual disputes do not factor into a plausibility analysis under *Iqbal* and its progeny.

"Although all allegations contained in the complaint are assumed to be true, this tenet is 'inapplicable to legal conclusions.'" *LaMagna v. Brown*, 474 F. App'x 788, 789 (2d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). See also *Amaker v. New York State Dept. of Corr. Servs*., 435 F.

---

[2] The Second Circuit has consistently adhered to the United States Supreme Court's plausibility standard set forth in *Iqbal*. *See, e.g., Giunta v. Dingman,* 893 F.3d 73, 79 (2d Cir. 2018); *Bd.-Tech Elec. Co. v. Eaton Corp.,* 737 F. App'x 556, 558 (2d Cir. 2018); *Allco Fin. Ltd. v. Klee*, 861 F.3d 82, 94 (2d Cir. 2017).

App'x 52, 54 (2d Cir. 2011) (same). Accordingly, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted)). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

With respect to *pro se* litigants, it is well-established that "[*p*]*ro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*)). See also *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (same); *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants); *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (declaring that where the plaintiff proceeds *pro se*, a court is "obliged to construe his pleadings liberally") (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[].").

Despite being subject to liberal interpretation, a *pro se* plaintiff's complaint still must "state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010)

(quoting *Iqbal,* 556 U.S. at 678). Therefore, even in a *pro se* case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). Nor may the Court "invent factual allegations" that the plaintiff has not pleaded. *Id.*

## II. FACTUAL ALLEGATIONS

These factual allegations, accepted as true only for the purposes of this Order, are taken from Plaintiff's Complaint and its exhibits.

On November 22, 2013, a Connecticut state court sentenced Plaintiff in a criminal proceeding. Compl. ¶ 2. Defendant Robert E. Byron presumably represented Plaintiff on appeal, for which a motion was filed on February 28, 2014. *Id.* ¶ 2; *id.* at 18. Plaintiff identifies Byron as a "special public defender," *id.* at 27, but the Office of the Chief Public Defender in Connecticut calls Byron "the lawyer who was appointed to represent [Plaintiff] on direct appeal," *id.* at 18.

A reply brief was due to the appellate court on September 12, 2014, and oral arguments had been scheduled for May 8, 2015. *Id.* ¶¶ 4, 5. However, on May 8, 2015, Plaintiff received a letter from Byron indicating that Byron did not file a reply brief because he did not believe he had "a good faith basis to continue to prosecute the appeal." *Id.* at 14. Moreover, he had withdrawn Plaintiff's appeal. *Id.* ¶ 6; *id.* at 14.

Byron appears to have acted without Plaintiff's knowledge or consent. *Id.* ¶ 7. Plaintiff was also never informed whether the appellate court had granted Byron's request to withdraw the appeal until he received a letter from the Office of the Chief State's Attorney in Connecticut on April 28, 2016, stating that the appellate court had accepted Byron's withdrawal and closed the case on May 8, 2015. *Id.* ¶¶ 7, 9; *id.* at 12. Byron's withdrawal appears to have stymied Plaintiff's other *pro se*

attempts to file other motions to challenge his criminal conviction as well. *See id.* at 37–41.

Plaintiff alleges that Byron's actions constitute a violation of his due process rights. *Id.* ¶ 10. In addition, Plaintiff implicates the state of Connecticut on the basis that "[s]ince Robert E. Byron, a special public defender, is an extension of the State of Connecticut, the state is liable for his actions." *Id.* at 27. Plaintiff seeks $500,000 in monetary damages. *Id.* at 3, 5.

### III. DISCUSSION

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted)). To state a claim under section 1983, Plaintiff must allege facts showing that the defendant, a person acting under color of state law, deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). Regardless of whether Defendant Byron is a public defender or an attorney appointed by the state to represent Plaintiff, Plaintiff has not alleged that Byron is a state actor or otherwise acted under color of state law during Byron's representation of Plaintiff.

In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *See also Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015). Similarly, private attorneys or entities appointed or retained to represent indigent litigants in criminal and civil matters are not considered to be acting under color of state law. *See Rodriguez v. Weprin,* 116 F.3d 62, 65–66 (2d Cir. 1997) (stating that a private attorney was not a

5

state actor by virtue of his appointment by the court to represent a defendant in a state criminal proceeding); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) (same); *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 319 (S.D.N.Y. 2008) ("[A] private attorney representing a client in either a civil or criminal action is not a state actor for purposes of § 1983" (quoting *Washington v. Atwell*, No. 07-cv-6423 (CJS), 2007 WL 2789731, at *1 (W.D.N.Y. Sept. 21, 2007)); *Rzayeva v. U.S.*, 492 F. Supp. 2d 60, 80 (D. Conn. 2007) (finding that court-appointed conservator and attorney is not a state actor for purposes of § 1983 claim); *Sullivan v. Stein*, No. 3:03-CV-1203 (MRK), 2004 WL 1179351, at *17 (D. Conn. May 21, 2004) ("In the absence of specific claims of unlawful cooperation with state officials, an attorney engaged in civil litigation on behalf of a private client cannot be said to be acting under color of state law."); *Kashelkar v. Rubin & Rothman*, 97 F. Supp. 2d 383, 390 (S.D.N.Y. 2000) ("It is well established that attorneys are not state officers, but private persons, for the purpose of the Civil Rights Act" (quoting *Stambler v. Dillon*, 302 F. Supp. 1250, 1255 (S.D.N.Y. 1969)), *aff'd,* 1 F. App'x 7, *cert. denied*, 534 U.S. 896 (2001); *Srubar v. Rudd, Rosenberg, Mitofsky & Hollender*, 875 F. Supp. 155, 163 (S.D.N.Y. 1994) ("Law firms and lawyers are clearly not state entities for the purposes of a Section 1983 claim.") (internal quotation marks omitted), *aff'd*, 71 F.3d 406 (2d Cir. 1995).

Court precedence thus shields Byron from liability under 42 U.S.C. § 1983. The statute does not consider him, as either a public defender or appointed counsel, to be a state actor in connection with his representation of Plaintiff. Nor has Plaintiff asserted that Byron conspired with a state official to deprive him of his constitutional rights. *See Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) (declaring that a private attorney who conspires with a state official to deprive another of a constitutional right is deemed to have acted under color of state law). Because Plaintiff has not

alleged that Byron acted under color of state law in representing him, any plausible due process claims against Byron are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff also asserts a claim against Connecticut, seemingly advocating a *respondeat superior* theory to hold the state responsible for Byron's actions. *See* Compl. at 27. Section 1983 also does not support such a claim. This is because "[n]either a state nor one of its agencies . . . is a 'person' under § 1983." *Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998) (citing *Hafer v. Melo*, 502 U.S. 21, 26 (1991)). *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, any claims against the state of Connecticut are also dismissed.

These conclusions do not diminish the seriousness or validity of Plaintiff's allegations.[3] It remains possible that Plaintiff "pleads a sufficient claim of attorney malpractice under Connecticut law." *Housand v. Heiman*, 594 F.2d 923, 926 (2d Cir. 1979); *cf. Bozelko v. Papastavros*, 147 A.3d 1023, 1027 (Conn. 2016) ("[A] plaintiff alleging legal malpractice must prove all of the following elements: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages.") (emphasis and internal quotation marks omitted). The Court would ordinarily give Plaintiff the opportunity to amend his complaint in light of the Court's obligation to construe a *pro se* complaint liberally. *Prince v. Jelly*, No. 3:17-cv-01284 (SRU), 2017 WL 5574273, at *4 (D. Conn. Nov. 20, 2017) (citing *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam)). However, "there would be no basis for federal

---

[3] In a letter dated June 21, 2018, the Connecticut Office of Chief Public Defender appears to agree with Plaintiff that he had "been deprived of the direct appeal to which [he was] entitled as a matter of due process of law" and "of the assistance of counsel on appeal." Compl. at 18. The Office also indicated to Plaintiff that it is appointing him an independent lawyer, in addition to his habeas corpus lawyer, to advise on all possibilities of appeal. *Id.* at 19.

7

jurisdiction over an amended complaint because [Plaintiff]'s malpractice claim would not 'aris[e] under' federal law, *see* 28 U.S.C. § 1331 (2016), and there is no diversity of citizenship" because the parties all appear to be residents of Connecticut. *Prince*, 2017 WL 5574273, at *4.

Federal court is simply not the proper venue for Plaintiff to pursue these claims. "Whatever cause of action he might have against his lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with jurisdiction over the subject matter." *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Moreover, because the Court would lack jurisdiction over any viable claims Plaintiff might raise, repleading would be "futile." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, Plaintiff's Complaint is dismissed without leave to amend in federal court, but without prejudice to filing a state law claim in state court.

## IV. CONCLUSION AND ORDER

In accordance with the foregoing analysis, the Court enters the following orders:

(1) All federal claims against the Defendants are DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 1915A(b)(1). To the extent Plaintiff asserts any state law claims against Defendants, the Court declines to exercise supplemental jurisdiction because it has dismissed the federal claims against the Defendants. *See* 28 U.S.C. 1367(c)(3) (2016); *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well-settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

(2) If Plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) (2016);

*Coppedge v. United States,* 369 U.S. 438, 445 (1962). *See also Malley v. Corp. Counsel of the City of New York*, 9 F. App'x 58, 59 (2d Cir. 2001). "'Good faith' under § 1915(a) is defined by an objective standard whereby frivolous appeals are deemed taken in bad faith, notwithstanding an appellant's subjective sincerity or good faith." *Burrell v. Swartz*, 558 F. Supp. 91, 94 (S.D.N.Y. 1983).

    (3)    The Clerk is directed to enter judgment and close this case.

It is SO ORDERED.

Dated: New Haven, Connecticut
       February 14, 2019

                                  */s/ Charles S. Haight, Jr.*
                                  CHARLES S. HAIGHT, JR.
                                  Senior United States District Judge